(21 Misc. Rep. 481.)

### TITLE GUARANTY & TRUST CO. v. WEHLE.

(Supreme Court, Appellate Term. October 28, 1897.)

APPEAL—SUFFICIENCY OF EVIDENCE—PROBABILITIES.

> On appeal in an action for services in examining a land title, turning on the question whether plaintiff delivered a certificate of search to defendant on a certain date, the court considered the probability of due performance, arising from the fact that the examination and searches had then been completed, and that plaintiff was thus in a position to perform conveniently, and had notice that defendant would wait no longer, and also the same probability arising from the fact that defendant, although the title was not closed until some days later, communicated no further with plaintiff; and a finding for plaintiff was sustained.

Appeal from Second judicial district court.

Action by the Title Guaranty & Trust Company against Charles Wehle. There was a judgment for plaintiff, and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Charles Wehle, in pro. per.

William H. Stockwell, for respondent.

DALY, P. J. The second cause of action alleged in the complaint, and upon which alone the plaintiff recovered a judgment for $163.80, besides costs, is upon a special contract of employment of plaintiff by defendant on or about April 17, 1895, to examine the title to premises on West Ninety-Fifth street, in the city of New York, and to insure the title thereof, if approved by the plaintiff, for which the defendant agreed to pay $150. It is alleged in the complaint that the plaintiff duly examined the title, and on or before April 27, 1895, approved the same, subject to the incumbrances thereon, and was ready and willing and offered to insure the title, and that demand of the agreed sum had been made and refused. The answer was a general denial, and the question for the justice to determine was whether

the plaintiff's contract had been performed. It appears from the written memorandum which the plaintiff made when the defendant applied to it to search the title and insure it that the title was to be closed at 11 a. m. on April 27, 1897. The evidence leaves no doubt that the agreement of the plaintiff was to perform the work of searching and reporting to the plaintiff on that date. On the 26th of April the plaintiff wrote to the defendant that it could not complete the examination of the title in time to close on April 27th, and would require about six days' further time. The defendant replied on the same date by letter, saying that he would put it off until Monday, the 29th, and that plaintiff was to try and have the search done then, and let him know whether it could do so. The question for the justice to decide was whether the plaintiff delivered to the defendant on the 29th the customary certificate of title. He says it did not, and that he was compelled to make a search himself for the actual closing of the title on May 2d. The plaintiff's proof was that the certificate approving the title, subject to certain incumbrances, was made out and given to a clerk of the company to deliver to the defendant; and a memorandum, made by a clerk, of the delivery of the certificate, on April 29, 1895, was put in evidence,—the clerk testifying that such memoranda were always made by him truthfully and according to the fact, but that he could not say that this particular memorandum was made on the day of its date; that it might have been made out later. The plaintiff's proof also was that the search was actually completed on the 24th, and that additional time was required by the plaintiff only to examine as to the identity of a certain John Reilly, who was covered with judgments, with the record owner of the premises, and also as to the amount due upon a certain mortgage. Inquiry on the former point was made of the defendant by plaintiff on April 26th, and as to the latter point of other parties on the 23d. As these were the only questions apparently unsolved on the 26th, and as the policy of insurance prepared by plaintiff excepted these incumbrances, it seems that it would have been entirely convenient for the plaintiff to furnish a certificate with such exceptions on the 29th, the date the defendant required it. On the proofs before him, the justice could very well have found that the certificate was so furnished, and his finding should not be disturbed. The defendant was undoubtedly to pay the agreed fee of $150 on the date fixed, if the title was examined and the result of the examination was certified on that date, whether the company concluded to insure or not; and it is therefore immaterial when the policy of insurance was made out and delivered, inasmuch as the defendant made no request for it. The only question in the case is whether the certificate of search was delivered on the 29th. It is extremely improbable that, after the defendant had refused to wait longer than that date, the plaintiff would have failed to certify in time, since the examination had been substantially concluded before that date. It also seems improbable that the defendant, having until May 1st to close his title, should have communicated no further with the plaintiff, if he got no word from it on the 29th.

Judgment affirmed, with costs. All concur.